**THE STATE OF FLORIDA on the Relation of the State Welfare Board, v. J. M. LEE, as Comptroller of the State of Florida.**

21 So. (2nd) 342

March 13, 1945

January Term, 1945

Division A

722

*David J. Lewis,* for relator.

*J. Tom Watson,* Attorney General, and *George M. Powell,* Assistant Attorney General, for respondent.

TERRELL, J.:

Alternative writ of mandamus was directed to the Comptroller commanding him to transfer to the credit of the State Welfare Board, fiscal year 1943-1944, the sum of $484,252.62 from the General Revenue Fund, or so much thereof as may be necessary to make up the difference between the funds credited to the dependent children's program under Chapter 20957, Acts of 1941, Section 282.17, Florida Statutes 1941, and the sum of $500,000.00 from the net proceeds of Chapter 20210, Acts of 1941, or to show cause why he refuses to do so.

A motion to quash challenges the sufficiency of the alternative writ and raises the further question of whether or not a sum in excess of $500,000.00 was contemplated for the dependent children's program.

The applicable statutes are Chapter 20829, Acts of 1941, Section 561.62, Florida Statutes 1941, Chapter 20957, Acts of 1941, Section 282.17, Florida Statutes 1941 and Chapter 20210 as amended by Chapter 20919, Acts of 1941. Chapter 22026, Acts of 1943, also amended Chapter 20829, Acts of 1941 by enlarging the tax on wine and providing that it be paid into the General Revenue Fund to be used for the aid of dependent children as provided by law.

Chapter 280210 as amended by Chapter 20919, Acts of 1941, provides:

"All fees and taxes imposed by this Act and collected by the State Motor Vehicle Commissioner from the sale of Maintenance Tags shall be paid by him to the Treasurer of the State of Florida, who shall credit the total amount thereof to the fund for defendant children's assistance; provided, however, that if in any year such proceeds exceed the sum of $500,000 the excess over such sum for such year shall be credited by the Treasurer to the State Road Department Fund."

Chapter 20957, Acts of 1941 provides:

"In addition to all other appropriations, there is hereby appropriated to the fund for dependent children's assistance out of any funds in the General Revenue Fund of the State of Florida, not otherwise appropriated, such sum as may be necessary each year to make up any difference existing in the particular year between the amount of $500,000 and the amount credited to such fund for dependent children's assistance from the proceeds of the fees and taxes imposed by Chapter 20210, Laws of Florida, Acts of 1941, and collected by the State Motor Vehicle Commissioner from the sale of maintenance tags."

These acts were passed at the same session of the Legislature and both looked to the support of the dependent children's program. Read together, they earmark the wine tax for the aid of dependent children with that guarantee from general revenue $500,000 to meet the appropriation made by Chapter 20957. In other words, it seems to have been the purpose of the Legislature to guarantee $500,000 for the support of dependent children and that whatever the wine tax and the motor vehicle maintenance tax imposed by Chapter 20210 lacked of producing this could be made up from the general revenue fund.

It appears to be the contention of relator that Chapter 20829 and Chapter 20957 make separate and distinct appropriations for the dependent children's program but we fail to find this purpose exemplified. At best, we see a guarantee of $500,000 for this work.

The motion to quash the alternative writ is therefore granted.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.

21 So. (2nd) 212                                   January Term, 1945
March 13, 1945                                              Division A
Rehearing denied March 29, 1945